ALTENBERND, Judge,
Concurring.
I fully concur in this opinion and write only to make two observations. First, the Department of Children and Families has a difficult job in the best of cases. When the only parent who wishes to maintain ties with a child is a father serving a short-term jail sentence for drug offenses, and when the child is placed with maternal relatives more than a thousand miles from the jail, the Department’s job is dramatically more difficult. These practical difficulties, however, do not permit the courts to alter the requirements of the law.
Second, there sometimes seems to be a presumption in the trial courts that, merely because a parent is unlikely to become an adequate custodial parent, the parent’s rights should be terminated. In this case, it is likely that the child might be better served by a long-term placement with the maternal relatives in Massachusetts. However, such an arrangement does not require that the Father be relieved of his obligation to provide financial support for the child, nor does it mean that the child would be better off having no visitation and contact with the father. When children can be permanently placed in the homes of other relatives, it seems to me that the trial courts should be encouraged to explore arrangements by which a parent similar to this father is treated like a noncustodial parent in a divorce, retaining support obligations and a beneficial level of contact and visitation between the parent and child.